[No. 3765.]

L. W. Conner v. The State.

1. Obstructing Public Road—Indictment—Evidence.—The indictment charged the wilful obstruction of a public road on the twentieth day of June, 1883, by placing a fence and gate across the same. The law then in force was Article 4389 of the Revised Statutes, which reads as follows: " The owner or owners of the land whose lines have been or may be declared public highways, and also any person through whose land a third class road may run, shall have the right to erect a gate or gates across said road or roads when necessary, said gate or gates to be not less than ten feet wide." The motion to quash this indictment was based upon the proposition that an indictment charging the obstruction of a road by a gate, prior to the amendatory act of the Eighteenth Legislature, should allege that the road obstructed was a first or second class road, or, if a third class road, it should allege that the accused was not the owner of the land through which the road ran at the place where the gate was erected. *Held*, that the motion was not well taken; that the indictment (for the charging part of which see the opinion) conforms to the provisions of Article 405 of the Penal Code, under which it is brought; and that, under the law as it existed when the offense was committed, it was matter of defense to show by proof that the road was third class, and was only obstructed by a gate which the owner of the land had the right to erect.

2. Same—Evidence.—See the opinion for the substance of evidence *held* insufficient to support a conviction for obstructing a public road.

Appeal from the County Court of Grayson. Tried below before the Hon. E. P. Gregg, County Judge.

The penalty assessed against the appellant, upon his conviction for wilfully obstructing a public road by the erection of fences and a gate, was a fine of ten dollars.

The opinion discloses the case.

*Hare, Head & Hare*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. As charged in the indictment the allegation was that, "in Grayson county, State of Texas, on the twentieth day of June, 1883, one L. W. Conner did wilfully obstruct and injure a certain public road, to-wit: the McLean and

Willow Springs road, by placing, and causing to be placed, in, upon and across said road, a fence and gate," etc.

At the time the offense is alleged to have been committed the law in force was Article 4389 of the Revised Statutes, which reads as follows: "The owner or owners of land where lines have been or may be declared public highways, and also any person through whose land a third class roadway runs, shall have the right to erect a gate or gates across said road or roads when necessary, said gate or gates to be not less than ten feet wide." Defendant's motion to quash the indictment was over-ruled. This motion was based upon the proposition, as stated in appellant's brief, "that an indictment charging the obstruction of a road by a gate, prior to the Acts of the Eighteenth Legisla-ture, should allege that the road obstructed was a first or second class road, or, if a third class road, should allege that the party placing the gate on the road was not the owner of the land through which the road ran at the place the gate was erected."

The indictment was in conformity with the provisions of the Penal Code, Article 405, under which it was brought, and also in conformity with approved precedents and forms. (Willson's Crim. Forms, No. 280, p. 131.) Under the law as it existed when the offense was committed, it was matter of defense to show, by proof, that the road was third class and was only obstructed by a gate, which the owner of the land had the right to erect.

But we are of opinion that the evidence is insufficient to sup-port the judgment in this case. A jury was waived and the case tried by the judge. He states that the allegation of an obstruc-tion by fence was not sustained by the evidence, but that he finds defendant guilty of obstructing by means of the gates he had erected.

Now, it appears from the testimony that the road was third class and that, at the time the gates were erected, appellant had the right under the then existing law, *supra*, to erect said gates. Subsequent to their erection, at the special session of the Eigh-teenth Legislature, Article 4389 of the Revised Statutes was amended, and one feature of the amendment was, that if the owner of land granted to the county a right of way for a third class road across his land, free of costs, he should have the right to put a gate across the road; but that if the right of way had been condemned and paid for, the county commissioners' court had the right to prevent any obstruction of the road by a gate. (Acts 18 Leg., Sp. Sep., p. 23.) After the passage of this amend-

ment, in as much as appellant had been paid for the right of way when the road was laid out, the commissioners' court exercised the authority conferred by the amendment to order appellant to remove said gates as being obstructions to the road. There is no evidence to show that the appellant refused to remove said gates after receiving notice of the order of the commissioners' court. The judge states in his finding that such proof was made, but we fail to find it in the statement of facts; and one of the grounds stated in the bill of exceptions taken to the finding, which bill is approved by the judge, is, "that when the commissioners' court ordered him to remove them (the gates) he did so, in obedience to such order." If this be true, then he is not guilty of a wilful obstruction.

Because the evidence does not sustain the conviction, the judgment is reversed and the cause remanded.