**CONCERNED CITIZENS FOR BETTER EDUCATION, INC., Appellant,**

v.

**Weldon WOODLEY, President of Board of Trustees of Elysian Fields ISD, et al., Appellees.**

**No. 8974.**

Court of Appeals of Texas, Texarkana.

Oct. 20, 1981.

Rehearing Denied Nov. 17, 1981.

Larry R. Daves, Daves & McCabe, Tyler, for appellant.

**490**

T. G. Davis, Bankhead & Davis, Carthage, for appellees.

BLEIL, Justice.

This is an election contest brought by a non-profit corporation. The nonjury trial resulted in a judgment upholding the election.

Can a non-profit corporation bring this suit under the election code? Were the implied findings unsupported by evidence or were they contrary to the overwhelming weight of the evidence? We answer no to both questions and affirm the judgment of the trial court.

■ A request for findings of fact and conclusions of law was made after the trial but none were filed. When the party demanding findings of fact fails to complain in writing of the failure to file fact findings, we review the case as if none were requested. Tex.R.Civ.P. 297. We presume that the trial court made all findings necessary to support its judgment and affirm if there is any legal theory sufficiently raised by the evidence in support of the judgment. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex. 1968). And, all necessary fact findings are implied in support of the judgment. In our review of the evidentiary points raised by Concerned Citizens we look to all evidence presented to the trial court. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815 (1959); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). With these guidelines in mind we turn to the facts developed during the trial.

On March 6, 1981, a notice that a meeting of the Elysian Fields ISD Board of Trustees was to be held March 10, 1981, was filed with the Harrison County clerk. This notice stated on the first page that the meeting was to be held March 10, 1981, however, the second page of the notice entitled "Agenda of Regular Meeting" gave March 19, 1981, as the date of meeting. Other parts of the four page notice stated that March 10th was the meeting date. A corrected notice which uniformly provided for a March 10, 1981, meeting was posted during the morning of March 9, 1981, at the court houses of Harrison and Panola Counties and copies were filed with the clerks. Notice of the election was placed in a newspaper of general circulation in the district.

At the March 10, 1981, meeting the board determined to hold a bond election on March 24, 1981. This election had been under consideration by the school board for approximately two years. A parent-teacher organization meeting was conducted on March 2, 1981, so that the general public could be informed about the bond issue. Also, a newsletter was mailed to approximately 1100 persons in the district and distributed to 600 additional voters throughout the district. Other newsletters were placed in the schools and local stores.

■ At the election the bond issue passed by a margin of 305 to 303 votes. The trial court held that the result of the election was ascertainable and did not find that there were irregularities in the election that affected its outcome. Prior to any further discussion of the factual matters we look now at the question of the appellant's standing to bring this suit. Concerned Citizens for Better Education, Inc. is a private, non-profit corporation. On this appeal we treat as a cross-point the school district's assertion that the corporation was without standing to maintain this suit.

■ An election contest is a statutory proceeding in which all requirements must be strictly met. *Wooley v. Sterrett*, 387 S.W.2d 734 (Tex.Civ.App.—Dallas 1965, no writ); *Gonzalez v. Rodreguez*, 250 S.W.2d 253 (Tex.Civ.App.—San Antonio 1952, no writ); *Maddox v. Con missioners Court of Palo Pinto County*, 222 S.W.2d 475 (Tex.Civ. App.—Eastland 1949, no writ). A suit contesting the validity of an election of this type may be initiated by any resident of the district in the same manner and under the same rules as prescribed for contesting for validity of an election for county office. Tex.Elec. Code Ann. art. 9.30 (Vernon 1967); 21 Tex.Jur.2d *Elections* § 152 at 407 (1961).

While appellant might be considered a resident of the community in which it incorporates for the purposes described in its articles of incorporation, it is apparent that the statute applies to a natural resident, capable of voting if qualified, and not a corporate resident. We hold that Concerned Citizens for Better Education, Inc. is without standing to bring this suit and the appellees' motion to dismiss should have been granted by the trial court.

The evidentiary points presented complain of the lack of sufficient evidence to support the trial court's failure to make certain findings. Appellant attempted to show that there were irregularities with regard to the notice of the March 10th school board meeting and with regard to the notice given generally of the bond election. Article 9.15 of the Texas Election Code provides authority for voiding an election in which it is impossible to ascertain the true result of the election. The burden is on the contestant to prove that irregularities in the conduct of an election occurred which affected the outcome of the election. *Wright v. Board of Trustees of Tatum Ind. Sch. Dist.*, 520 S.W.2d 787 (Tex.Civ.App.—Tyler 1975, writ dism'd). As a policy, declared election results should be upheld unless there is convincing evidence of an erroneous result. *Johnston v. Peters*, 260 S.W. 911 (Tex.Civ.App.—San Antonio 1924, writ dism'd). Concerned Citizens failed to meet its burden to prove its case to the satisfaction of the fact finder. Concerned Citizens urges that we should not follow ordinary rules with regard to burden of proof, because this is an election contest and the integrity of the electoral process is at issue. We decline to ignore well founded rules and turn now to the irregularities alleged.

Some evidence was presented by Concerned Citizens to show that: 1) election officials were related to members of the school board, 2) the notice of the board meeting setting the election was improper, 3) the notice of the election was inadequate, and 4) the vote counting process was irregular. We need not consider the legal effect of these allegations. The implied findings of the trial court are that there were no irregularities in the conduct of the election which affected its outcome. The evidence supports these findings. Clearly they are not against the overwhelming weight and preponderance of the evidence.

We overrule all points of error and affirm the trial court's judgment.