**LAS VEGAS PECAN & CATTLE CO., INC., Appellant,**

v.

**ZAVALA COUNTY, et al., Appellees.**

No. 04–83–00037–CV.

Court of Appeals of Texas, San Antonio.

March 28, 1984.

Rehearing Denied May 1, 1984.

Thomas O. Matlock, Jr., Atlas & Hall, McAllen, for appellant.

Pablo Avila, Crystal City, for appellees.

Before TRUMAN E. ROBERTS, FRED V. KLINGEMAN and ROBERT R. MURRAY, Assigned Justices.*

OPINION

FRED V. KLINGEMAN, Assigned Justice.*

This suit was brought by Las Vegas Pecan and Cattle Company, Inc. (Las Vegas Pecan) to enjoin Zavala County, et al. (Zavala County) from interfering with Las Vegas Pecan's attempt to close the road that runs through a tract of 1400 acres in Zava-

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised

la County owned by Las Vegas Pecan, and for a judgment in the nature of a declaratory judgment asking that the court declare that the road is a private road and is located on Las Vegas Pecan's property. Trial was to the court without a jury, and judgment entered adversely to Las Vegas Pecan. No findings of fact or conclusions of law were made by the trial court.

Las Vegas Pecan owns and occupies a tract of 1400 acres of land, more or less located in Zavala County which was purchased by it from the Ritchie family in May 1979. The road is generally known as the "Ritchie Road" and runs approximately 1½ miles, with the north end running into a county road and the south end into a farm to market road. There are numerous pecan trees located on the property, and there is evidence that Las Vegas Pecan suffered loss of some property, including pecan trees through vandalism. Because of such loss Las Vegas Pecan installed a locked cable across the road, which barrier was generally only put up at night and on weekends after working hours. Las Vegas Pecan generally provided keys to adjoining land owners or others who requested such keys.

Las Vegas Pecan asserts 21 points of error which may be summarized as follows:

(1) The trial court erred in failing to grant the injunction and other relief prayed for by Las Vegas Pecan because Las Vegas Pecan conclusively proved that it had legal title to and possession of the land in question including the roadway.

(2) If the road is opened as a public road, irrevocable harm will result to Las Vegas Pecan in the nature of vandalism.

(3) The trial court erred in not making findings of fact and conclusions of law.

(4) The trial court erred in holding: (a) that there was an express dedication of the road (b) that there was an implied dedication of the road (c) that Zavala County had acquired title by prescription (d) that Rit-

Civil Statutes as amended by H.B.2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, effective June 16, 1983).

chie Road was a roadway by necessity (e) that Las Vegas Pecan was guilty of estoppel, laches, or waiver (f) that the description of the road and its location on the land is legally insufficient (g) that Zavala County has legal and equitable title to the Ritchie Road because such a holding is prohibited by statute.

■ We first consider Las Vegas Pecan's complaint that the trial court erred in failing to make findings of fact and conclusions of law. A review of the record discloses that Las Vegas Pecan did not substantially comply with the terms and provisions of TEX.R.CIV.P. 296 and 297. Because of such failure Las Vegas Pecan has waived all rights to complain on this appeal of the trial court's failure to file findings of fact and conclusions of law. *Van Dyke v. Van Dyke,* 624 S.W.2d 800 (Tex.App.— Houston [14th Dist.] 1981, no writ). The trial court did not commit reversible error in its failure to file findings of fact and conclusions of law. *Concerned Citizens for Better Education, Inc. v. Woodley,* 623 S.W.2d 488 (Tex.App.—Texarkana 1981, writ dism'd); *Peterson Sales Co. v. Mica, Inc.,* 623 S.W.2d 679 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Wallace v. Wallace,* 623 S.W.2d 723 (Tex.Civ.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Arrington v. Arrington,* 613 S.W.2d 565 (Tex.Civ.App.—Fort Worth 1981, no writ); *Lynch v. Exxon Pipeline Co.,* 545 S.W.2d 55 (Tex.Civ.App.—Waco 1976, no writ).

Las Vegas Pecan's primary contention is that under the terms and provisions of TEX.REV.CIV.STAT.ANN. art. 6812h (Vernon Supp.1982–1983) Ritchie Road is a private road situated on a part of its property and is a part of its property.

Zavala County maintains that Article 6812h is unconstitutional as a matter of law or that its application to Ritchie Road under the facts of this case is unconstitutional. Zavala County further contends that the County is owner of Ritchie Road by implied dedication and that there is ample evidence that such road had become a public road by implied dedication prior to May 1979, the year that Las Vegas Pecan purchased the property.

■ We have carefully considered the entire record and hold that the issues of "express dedication," "easement by prescription," "roadway by necessity," "estoppel, laches and waiver" have no support in the evidence and are without merit.

The basic and controlling issues in this case are:

(1) Whether there was an implied dedication of the road.

(2) The constitutionality of Article 6812h.

■ A road may become public in the sense that the public has the right to use it by dedication. *Worthington v. Wade,* 82 Tex. 26, 17 S.W. 520 (1891).

The court in *Owens v. Hockett,* 151 Tex. 503, 251 S.W.2d 957 (1952) stated:

Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time. It is sufficient if the record shows unequivocal acts or declarations of the landowner, dedicating same to public use, and where others act on the faith of such dedication, the landowner will be estopped to deny the dedication, or to make any future use of the property inconsistent with any purpose for which the land was dedicated. Common law dedications, such as the one here involved, are subdivided into two classes, express and implied. "In both it is necessary that there should be an appropriation of land by the owner to public use, in the one case by some express manifestation of his purpose to devote the land to the public use, in the other by some act or course of conduct from which the law will imply such an intent."

251 S.W.2d at 958.

The trial court impliedly held that Ritchie Road had become public road by implied dedication. There is testimony that Ritchie Road has been used by the general public since 1911 and was commonly used by farmers transporting their crops, as a mail route, by school buses and by the general

public. There is testimony that the County maintained such road from about 1911 up until the time that it was partially blocked by Las Vegas Pecan putting up barriers in 1979.

A County Road Commissioner of Zavala County testified that while he was a County Commissioner in such county from 1964 to 1974 he graveled the road, placed cement culverts and signs on the road and maintained the road at county expense. He further stated that such maintenance and improvements to the road were done with the knowledge and acquiesence of the Ritchie family, the owners of the property at that particular time.

■ We hold there is sufficient evidence in the record to support the trial court's implied finding that Ritchie Road by the year 1979 had become a public road by implied dedication. *Owens v. Hockett, supra; O'Connor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878 (1960); *Love v. Olguin,* 572 S.W.2d 17 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Garza v. Garza,* 552 S.W.2d 947 (Tex.Civ.App.—Tyler 1977).

The remaining question to be decided by this court is the constitutionality of TEX. REV.CIV.STAT.ANN. Art. 6812h (Vernon Supp.1982–1983). This statute was enacted in 1981 and was in effect on the date of this trial. This statute reads as follows:

Section 1. In this Act, "dedication" means the explicit, written communication to the commissioners court of the county in which the land is located of a voluntary grant of the use of a private road for public purposes.

Section 2. (a) A county may not establish, acquire, or receive any public interest in a private road except under the following circumstances: (1) purchase; (2) condemnation; (3) dedication; or (4) adverse possession. (b) Once a public interest has been established in accordance with Subsection (a) of this section, the interest must be recorded in the records of the commissioners court of the county in which the road is located.

Section 3. Any person asserting any right, title, or interest in a private road in which a public interest has been asserted in accordance with Section 2 of this Act may file suit in a district court in the county in which the road is located within two years after the notation in the records of the commissioners court of the public interest in the road.

Section 4. For the purposes of this Act, neither verbal dedication nor intent to dedicate by overt act is sufficient to establish a public interest in a private road.

Section 5. For the purposes of this Act, neither the use of a private road by the public with the permission of the owner nor the maintenance with public funds of a private road in which no public interest has been recorded as provided by Section 2 of this Act is sufficient to establish adverse possession.

Section 6. This Act shall have no effect on counties with population greater than 50,000 according to the last preceding federal census.

Las Vegas Pecan contends that it is the owner of Ritchie Road under the terms and provisions of such statute, and that the statute is valid and absolutely forecloses Zavala County's claim of right to the road by reason of "implied dedication."

Zavala County asserts that such statute does not control under the facts of this case for a number of reasons: (1) Such statute by its own language is not applicable to the facts of this case. (2) This statute is not controlling because it cannot be applied retroactively to the facts of this case. (3) The statute is unconstitutional on its face, or its application to the facts of this case would be unconstitutional. (4) Las Vegas Pecan is equitably estopped from asserting the application of such statute. (5)(a) Article 6812h is a local law and is unconstitutional. *See Smith v. Decker,* 158 Tex. 416, 312 S.W.2d 632 (1958). (b) Proper publication of such local law as required by statute was not given.

■ We have heretofore held that Ritchie Road had become a public road as early as the year 1979. Article 6812h, the

statute in question, was enacted in 1981 and does not provide for retroactive application.

Under the record in this case, Article 6812h is not applicable to the fact situation in this case, and its application to such fact situation would be retroactive in nature and unconstitutional. TEX. CONST. art. I, § 16; *Texas & N.O. R.R. Co. v. Wells Fargo Express Co.* 101 Tex. 564, 110 S.W. 38 (1908); *International Security Life Insurance Co. v. Maas,* 458 S.W.2d 484 (Tex.Civ. App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.); *Lee v. Universal Life Insurance Co.,* 420 S.W.2d 222 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.) *Hester & Roberts v. Donna Irr. District, Hidalgo County No. 1,* 239 S.W. 992 (Tex.Civ. App.—San Antonio 1922, no writ).

All of appellant's points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.