Jim **BREITHAUPT** and Frances **Breithaupt**, Appellants,

v.

**NAVARRO COUNTY**, Appellee.

No. 10–84–020–CV.

Court of Appeals of Texas, Waco.

Aug. 2, 1984.

Rehearing Denied Aug. 30, 1984.

Michael H. Sebastian, Dallas, Jack C. Ogg, Sowell & Ogg, P.C., Houston, for appellants.

Patrick C. Batchelor, Crim. Dist. Atty., John H. Jackson, Asst. Crim. Dist. Atty., Corsicana, for appellee.

OPINION

THOMAS, Justice.

This is a suit for declaratory judgment and injunctive relief by Navarro County against Jim Breithaupt and his mother, Frances. The Breithaupts cross-actioned to recover damages allegedly resulting from the County's negligence. Following a jury trial, the court entered judgment for the County, declaring a rural road a "public road" and enjoining the Breithaupts from directly or indirectly obstructing the road's use or interfering with its maintenance by the County.

As Appellants, the Breithaupts contend: (1) art. 6812h bars the County's cause of action[1]; (2) they have a right to construct a gate across the road under art. 6712; (3) the judgment violates Rule 683, because it fails to specify the reasons for the injunction, the acts prohibited or the legal theory on which the court declares the road to be public[1]; (4) the evidence is legally and factually insufficient to support the jury's affirmative answers to all three special issues; (5) the court erred when it refused to submit a cluster of four issues relating to their cross-action; and (6) the court erred when it excluded a portion of Frances Breithaupt's testimony. We affirm.

The Breithaupts requested that Navarro County close the disputed road in May, 1980, but the County refused. In November, 1982, Jim Breithaupt constructed a gate across the road. The County gave the Breithaupts written notice that, if the obstruction was not removed within ten days, the County would remove it. Eleven days later, the County used its personnel and equipment to remove the gate posts and gate. When the County learned in July, 1983, that Jim Breithaupt was preparing to block the road by installing another gate, the County sought a declaratory judgment and injunctive relief. The County was granted a preliminary restraining order, which was continued as a temporary injunction pending trial.

Several witnesses testified the public had used the road as a public thoroughfare since shortly after the turn of the century. The road, which has been maintained by the County for many years, has been used for decades by cars, trucks and occasionally by school buses and mail carriers. The Breithaupts admitted the public had used the road for many years. Jim Breithaupt insisted the road was open for permissive use by the public, or as he stated it, "The fact they were using it means I gave my permission." Frances Breithaupt testified her deceased husband and his predecessors in title never intended the road to be a public thoroughfare or considered it a public road. According to her, the public was welcome to use the road as long as it did not interfere with her husband's business. Occasionally, Jim Breithaupt or his father denied a person the right to gather pecans or discharge firearms from the road or to park on the road and consume alcoholic beverages.

The first point alleges the court erred when it overruled a special exception to the County's pleadings. The special exception relies on art. 6812h, which became effective August 31, 1981. Among other things, art. 6812h provides that: (1) a county may not establish, acquire or receive any public interest in a private road, except by purchase, condemnation, dedication or adverse possession; (2) adverse possession cannot be established by proving the public has used a private road with the owner's permission or that public funds have been used to maintain it; (3) neither verbal dedication nor intent to dedicate by overt act is sufficient to establish a public interest in a private road; and (4) once established, the public's interest in a road must be recorded

---

1. Article references are to Tex.Rev.Civ.Stat.Ann.; rule references are to Tex.R.Civ.P.

in the county's records. The evidence is undisputed that the public's interest is not shown by the County's records. The Breithaupts argue that art. 6812h prevents the public character of the road from being established by prescriptive easement or implied dedication under the evidence, and the County's cause of action is thus barred.

Art. 6812h does not bar this proceeding, because the County is not presently establishing or acquiring a public interest in a private road. The road's public character was established, if at all, many decades prior to the passage of art. 6812h, and the County is merely seeking a judicial declaration of that fact and accompanying injunctive relief to enforce the public's vested interest.

■ Art. 6812h cannot be applied retroactively to impair the public's vested right. Tex. Const. art. I, § 16, prohibits retroactive laws, although statutes may operate retroactively when such application is intended and will not impair vested rights. *Cox v. Robison*, 105 Tex. 426, 150 S.W. 1149 (1912). Furthermore, a statute will not be applied retroactively unless it appears by fair implication from the language used that the legislature intended it to be so applied. *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707 (1943). The language of art. 6812h does not expressly or impliedly indicate the legislature intended it to be applied retroactively. To apply art. 6812h retroactively would dispossess the public of vested rights in countless miles of public roads across Texas, where the public interest has not been established under the statute's provisions. The court did not err when it denied the special exception, and point one is overruled.

Art. 6704 requires a county to classify its public roads as first, second or third-class roads, depending upon the width of the roadway and the causeway. The requisites for each class of road are: first-class roads shall not be less than 40 feet nor more than 100 feet wide, with a causeway at least 16 feet wide; second-class roads shall conform to the requirements of first-class roads, except they shall not be less than 40 feet

wide; third-class roads shall not be less than 20 feet wide, and the causeway shall not be less than 12 feet wide. The County admitted it had not classified the road.

Under their second point, the Breithaupts contend that, even though the road is a public thoroughfare, they had a right to erect a gate across the road under art. 6712. They argue the road, though unclassified by the County, is a third-class road. Art. 6712 authorizes an owner to erect a gate across a third-class or neighborhood road, as long as the gate is at least ten feet wide and free of overhead obstructions.

The county commissioner in whose precinct the road is situated testified the County had maintained the "cap" (causeway) on the road between 18 and 20 feet wide, before the Breithaupts used a motor grader prior to trial to narrow the causeway. The Breithaupts' surveyor testified the width of the road, measured from fence-to-fence at its narrowest points, averaged "a little over 40 feet", with its causeway ranging from 9 to 13 feet wide. If the road had an unaltered causeway of 18 to 20 feet, the road would meet the requisites of a second-class road, because its width averaged "a little over 40 feet". However, if the road had an unaltered causeway between 16 and 12 feet wide, the road would be a third-class road.

Establishing the road as a third-class road, which would deny the County's right to an injunction, was a defensive matter for the Breithaupts to plead, prove and secure a favorable finding. *Conner v. State*, 21 Tex.Ct.App. 176, 17 S.W. 157 (1886). Conflicts in the evidence on the width of the causeway presented a fact issue on the road's classification. The Breithaupts did not plead the road's classification as a defensive matter, nor did they request a defensive issue on its classification. They did, however, request a classification issue as one of a series of four issues relating to their cross-action for negligence. In their ninth point, the Breithaupts complain of the court's failure to submit their requested issues. We combine the second and ninth points for disposition.

Before the charge was read to the jury, the Breithaupts dictated an objection to the two special issues used by the County to establish the public's right to use the road through prescriptive easement. They also objected to the charge because it omitted four special issues relating to their cross-action. After orally requesting issues on the road's classification, negligence, producing cause and damages, with an instruction specifying the classes of roads under art. 6704 and a definition of negligence, the Breithaupts failed to submit the requested issues, instruction and definition in writing to the judge for his official approval or rejection. The court overruled all objections to the charge.

■ Requests by either party for any instructions, special issues, definitions or explanatory instructions must be submitted in writing separate and apart from objections to the court's charge. Rule 273. When an instruction, special issue, definition or explanatory instruction is requested and refused, the court must endorse "refused" on the written request and officially sign it. Rule 276. The Breithaupts failed to comply with both rules, and the court's failure to include the omitted issues in the charge is not preserved for appellate review. *Templeton v. Unigard Sec. Ins. Co.,* 550 S.W.2d 267 (Tex.1976). The ninth point is overruled.

■ Because the Breithaupts failed to obtain a finding that the road is a third-class road, they cannot rely on art. 6712 to legalize their actions in obstructing the road with a gate. Point two is also overruled.

We quote pertinent parts of the court's judgment:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court and the Court hereby DECLARES that the road described in the pleadings and evidence in this cause is, and has been at all times relevant to this suit, a public road; that [the Breithaupts] ... have no right to restrict the public use thereof; that the road in question is a County road, and that [the County] is entitled to maintain the same as such.

IT IS FURTHER ORDERED AND DECREED that [the Breithaupts] ... are hereby commanded to desist and refrain from directly or indirectly interfering with the use of such road as a public thoroughfare, or obstructing such road or interfering with the maintenance thereof by ... Navarro County.

The third and tenth points of error, which complain the judgment is insufficient under Rule 683, are also combined for disposition. Point three alleges the judgment violates Rule 683, because it fails to set forth reasons why the injunction was issued and does not describe the acts sought to be restrained in reasonable detail. The tenth point asserts the judgment is insufficient, because it does not specify whether the road's public character was established by prescriptive easement or implied dedication.

■ Rule 683 provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained...." Every injunction or restraining order must inform the violator of the reasons why he is enjoined. *State v. Cook United, Inc.,* 464 S.W.2d 105 (Tex. 1971). When the court's findings of fact are recited in the order granting the injunction, the findings may supply the specific reasons for its issuance. *Charter Medical Corp. v. Miller,* 554 S.W.2d 220 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.). Where the public's interest is involved, the requirements of Rule 683 are relaxed. Any doubt concerning compliance with Rule 683 should be decided against the violator and in favor of the public. *Hughes v. Board of Trustees, Tarrant Co. Jr. Col. Dist.,* 480 S.W.2d 289 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.).

■ The court found the Breithaupts had no right to restrict the public's use or the County's maintenance of the road, because it was a public thoroughfare. Find-

ing the road is a public thoroughfare reasonably informs the Breithaupts why they were being enjoined from obstructing it. Based on that reason, the Court ordered them to "desist and refrain from directly or indirectly interfering with the use of such road as a public thoroughfare, or obstructing such road or interfering with the maintenance thereof" by the County. Although the injunction does not specify the acts prohibited, its language gives reasonable notice to the Breithaupts of the acts the court enjoins. To require the injunction to list every act which could conceivably be committed to restrict the public's use or the County's maintenance of the roadway, would extend the requirements of Rule 683 to illogical limits. The injunction commands the Breithaupts to leave the road alone, which reasonably informs them that any act on their part which obstructs the road's use or maintenance is prohibited.

■ As noted later in the opinion, the evidence is sufficient to support the jury's findings on the third issue, which establishes the public's interest under the theory of implied dedication. The Breithaupts have not demonstrated harm from the court's failure to designate the theory or theories used by the court to declare the road a public thoroughfare. Points three and ten are overruled.

In response to the third special issue, the jury found the road was dedicated to the public's use by the owners of the property on which it is situated. Under their sixth and seventh points, the Breithaupts argue the evidence is legally and factually insufficient to support the submission of the issue and the jury's answer.

■ Common-law dedications may either be express or implied. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960). The County relied on implied dedication, because it stipulated its official records reflected no express dedication. Dedication is the act of devoting property for some proper public use in such a manner as to conclude the owner from reasserting rights over the property. *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849 (1950). In *Owens*

*v. Hockett*, 151 Tex. 503, 251 S.W.2d 957, 958 (1952), our Supreme Court stated:

Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time. It is sufficient if the record shows unequivocal acts or declarations of the landowner, dedicating same to public use, and where others act on the faith of such dedication, the landowner will be estopped to deny the dedication, or to make any future use of the property inconsistent with any purpose for which the land was dedicated. Common-law dedications, such as the one here involved, are subdivided into two classes, express and implied. "In both it is necessary that there should be an appropriation of land by the owner to public use, in the one case by some express manifestation of his purpose to devote the land to the public use, in the other by some act or course of conduct from which the law will imply such an intent."

The Supreme Court also recognized in *Owens v. Hockett, supra*, that the owner's intent to dedicate may be implied:

"The intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. * * * If the open and known acts are of such a character as to induce the belief that the owner intended to dedicate the way to public use, and the public and individuals act upon such conduct, proceed as if there had been in fact a dedication, and acquire rights which would be lost if the owner were allowed to reclaim the land, then the law will not permit him to assert that there was no intent to dedicate, no matter what may have been his secret intent."

The owner's act of throwing open the road for public use, without any further formality, is sufficient to establish implied dedication. *O'Connor v. Gragg, supra*.

In view of the evidence, including admissions by the Breithaupts, showing the road was knowingly "thrown open" by its own-

ers for the public's use decades prior to this proceeding and that the road has been regularly maintained by the County as a public thoroughfare, the Breithaupts are estopped to assert that they or their predecessors in title had no intent to dedicate the road to the public's benefit. *Owens v. Hockett, supra; O'Connor v. Gragg, supra.* The evidence is legally and factually sufficient to support submission of the third special issue and the jury's answer. Points six and seven are overruled.

The County relied upon prescriptive easement and implied dedication to prove the road had in the past acquired the character of a public thoroughfare. Proof of either theory will support the court's judgment. Because the evidence is sufficient to support implied dedication, we do not reach the fourth and fifth points of error, which allege the evidence is legally and factually insufficient to support a finding of prescriptive easement.

Finally, the eighth point of error complains the court erred when it excluded a portion of Frances Breithaupt's testimony. The excluded evidence is brought forward in a bill of exception. When she was asked if she was familiar with Byron Cheney's actions in 1932, as they related to the road, the court sustained an objection that the testimony was irrelevant. Byron Cheney is one of the Breithaupts' predecessors in title. The excluded testimony is that Cheney had intended to deed a portion of the road to the County in 1932 but refused when a dispute arose over some large oak trees located in front of his home. Cheney then constructed the roadway around the trees at his own expense. According to the Breithaupts, the excluded evidence is relevant, because it bears on Cheney's intent to dedicate the road to public use and shows he dedicated land to public use only through a deed. They argue the excluded evidence is the only direct testimony relating to Cheney's intent to dedicate.

Implied dedication to public use may be established without the formality of a deed. *Owens v. Hockett, supra.* The evidence is overwhelming that Cheney not only constructed the road but acquiesced in its use by the general public. Cheney's actions in establishing a road and knowingly throwing it open for public use, without proof of other formality, is sufficient to establish implied dedication. *O'Connor v. Gragg, supra.* Any error arising from the exclusion of Frances Breithaupt's testimony is harmless.

We affirm the judgment.