

# The Attorney General of Texas

July 15, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles D. Penick
Criminal District Attorney
Bastrop County Courthouse
Bastrop, Texas   78602

Opinion No. JM-334

Re: Whether a county may main-
tain a road which has not been
dedicated to the county

Dear Mr. Penick:

You ask whether a county commissioner in Bastrop County can maintain a privately-owned road in his precinct. We assume that the question is phrased in terms of the individual commissioner's authority because Bastrop County Commissioners act as ex officio road commissioners in their own precincts pursuant to article 6702-1, sections 3.001-3.004, V.T.C.S. This opinion does not deal with the scope of an individual commissioner's authority under those statutes but only with the power of a commissioners court or its proper agent to maintain certain types of roads.

In your letter you say that for a number of years Bastrop County has maintained a privately-owned road that is the only means of access between a rural subdivision and county road. Although you do not describe the nature or origin of the easement, you state that there is an easement across the road that runs in favor of the residents of the subdivision. You describe the road as open to the public even though there is a sign at the juncture with the county road that says "private road -- keep out."

Your letter raises two separate questions:

    1. Can the commissioners court maintain privately-owned roads?

    2. If the commissioners court can maintain only public roads, is the road in question sufficiently public to come within the commissioners court's authority to maintain public roads?

The legal basis for any action by a commissioners court must be found in the Texas Constitution or statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). The Texas Constitution authorizes the

legislature to provide for the construction and maintenance of public roads. Tex. Const. art. XI, §2. Several statutes give counties general authority to maintain public roads. V.T.C.S. arts. 2351.3, 2351.6; V.T.C.S. art. 6702-1, §2.002(b). Neither the constitution nor any statute, however, gives counties general authority to maintain private roads. See Attorney General Opinion JM-200 (1984). Any authority to do so would have to be found in a provision authorizing county maintenance of a private road under specified circumstances. See, e.g., Tex. Const. art. III, §52f (giving counties with a population of 5,000 or less power to maintain private roads for a fee, and providing that revenue from such maintenance must be used for the construction and maintenance of public roads). We find no such provision applicable to the circumstances you describe.

You also suggest in your letter that the road in question might be a public road for some purposes; you do not, however, suggest what legal theory would support that claim. In a previous opinion we set out the ways that a road can become "public" so that a county has general authority to maintain it. Attorney General Opinion JM-200 (1984). A county can acquire a road under statutes relating to the establishment of roads, or a county can condemn the road and award damages to the landowner in accordance with general condemnation statutes. Doughty v. DeFee, 152 S.W.2d 404, 410 (Tex. Civ. App. – Amarillo 1941, writ ref'd w.o.m.). Also, the public can acquire an interest under the theory known as prescription or adverse possession. See Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., 288 S.W. 812, 815 (Tex. Comm'n App. 1926, judgmt adopted). Finally, the owners can grant the public an interest by dedication. 288 S.W. at 814. Dedication can be an express or implied dedication at common law, 288 S.W. at 814, or statutory dedication pursuant to statutes governing subdivisions. See Attorney General Opinion JM-200 (1984).

A 1981 statute applicable to Bastrop County[1] limits the methods by which certain counties can show a public interest in a private road. V.T.C.S. art. 6812h. Under article 6812h a county cannot establish or receive any public interest in a private road except by purchase, condemnation, dedication, or adverse possession. "Dedication" for the purpose of article 6812h does not include the

---

1. Article 6812h applies only to counties with a population of 50,000 or less according to the last federal census. According to the 1980 federal census, Bastrop County has a population of 24,726. 1980 Census of Population, Vol. 1, Characteristics of the Population; Chapter A, Number of Inhabitants; Part 45, Texas; issued March 1982.

common-law theory of implied dedication.  See Lindner v. Hill, 673 S.W.2d 611, 616 (Tex. App. -- San Antonio 1984, writ granted).  Also, express verbal dedications are not dedications under 6812h.  Several courts have held that article 6812h does not apply retroactively, so it would not bar a claim that the public acquired an interest before August 31, 1981, under a theory now foreclosed by article 6812h.  Las Vegas Pecan & Cattle Co., Inc. v. Zavala Co., 669 S.W.2d 808, 811-12 (Tex. App. - San Antonio 1984, no writ); Breithaupt v. Navarro County, 675 S.W.2d 335, 337-38 (Tex. App. - Waco 1984, writ ref'd n.r.e.).

The facts you recite in your letter seem to preclude a showing under any of the applicable theories that the road in question is a public road.  You state that Bastrop County has not condemned the road, nor has the road been dedicated to the county.  Also, you state in your legal brief that the road is being used with the owner's permission "so it may not become a county road by prescription or use adverse to that of the owner."  We assume that the county has not purchased the road.  If no public interest has arisen under statutes authorizing the establishment of road or condemnation, adverse possession, or dedication, (as limited by article 6812h), the commissioners court has no authority to maintain the road.

## SUMMARY

The Bastrop County Commissioners Court has no general authority to maintain private roads.  A private road cannot become a public road except as permitted by statute or under the common law theories of dedication, as limited by article 6812h, V.T.C.S., and adverse possession.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk