LAS VEGAS PECAN & CATTLE
COMPANY, INC., Petitioners,

v.

ZAVALA COUNTY, Texas et al.,
Respondents.

No. C–3099.

Supreme Court of Texas.

Dec. 19, 1984.

Atlas & Hall, Thomas O. Matlock, Jr. and Lisa Powell, McAllen, for petitioners.

Pablo Avila, Crystal City, for respondents.

WALLACE, Justice.

This is a suit by a landowner, Las Vegas Pecan & Cattle Company, Inc., (Las Vegas) to enjoin the County Commissioners and the Sheriff of Zavala County, Texas, from interfering with the landowner's attempt to close a road running through its property. The County's answer alleged the road was public property and that the County owned it. The trial court rendered judgment denying the injunction and holding that the County was vested with legal and equitable title to the road. The court of appeals affirmed the judgment of the trial court. 669 S.W.2d 808. We reverse the judgment of the court of appeals and remand the cause to the trial court with instructions to modify its judgment.

Las Vegas does not complain of the denial of the injunctive relief. Rather, it primarily complains that the court of appeals erred in holding that the County has legal as well as equitable title to the road. However, the County conceded in oral argument that the court of appeals had erred in this respect. Las Vegas also complains that: (1) the trial court failed to make findings of fact and conclusions of law after being timely requested to do so; (2) TEX.REV. CIV.STAT.ANN. art. 6812h prohibits the trial court from finding an implied dedica-

tion of the road to the public; and (3) the judgment did not contain a legal description of the road in question, although the record discloses a metes and bounds description of the easement.

We will first dispose of Las Vegas' contention that there can be no implied findings of fact to support the trial court's judgment. Las Vegas bases this argument on the trial court's failure to make findings of fact and conclusions of law when timely requested to do so. The trial court's judgment was rendered on November 5, 1982. Las Vegas filed a motion for new trial on December 1, 1982 and a request for findings of fact and conclusions of law on December 10, 1982. The motion for new trial was not acted upon by the trial court and was thus overruled by operation of law on January 19, 1983. On that same date Las Vegas filed with the trial court a reminder that it had not filed findings of fact and conclusions of law as requested.

■ Rule 296, in effect at the time of trial, provided in pertinent part:

In any case tried in the district or county court without a jury, the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law. Such request shall be filed within ten days after the final judgment or order overruling the motion for new trial is signed or the motion for new trial is overruled by operation of law.

TEX.R.CIV.P. 296, effective January 1, 1981, (*amended December 5, 1983, effective April 1, 1984*). Rule 297 gave the trial court 30 days within which to file the findings of fact and conclusions of law. If the trial court failed to do so, Las Vegas was required to file with the court a reminder of such failure within five days. Without such timely reminder, Las Vegas waived its complaint of the failure on appeal. The reminder was not filed within 35 days of the filing of the request for findings of fact and conclusions of law, but rather was filed 39 days after the filing of the request. Therefore, according to the terms of Rules 296 and 297, Las Vegas has

no complaint on appeal that the trial court failed to file the findings of fact and conclusions of law.

Las Vegas' contention that we may not imply a fact finding of the trial court sufficient to sustain its judgment must fail for another reason. Failure of the trial court to prepare and file findings of fact or conclusions of law under Rule 296 does not require a reversal of the trial court's judgment if the record before the appellate court affirmatively shows the complaining party suffered no injury. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (1944). The uncontroverted evidence discussed below shows the basis for the trial court's judgment. We find Las Vegas suffered no harm as a result of the failure of the trial judge to file findings of fact.

Las Vegas further contends that because the trial court found legal title vested in the County, as opposed to merely an easement, the court tried the case on an incorrect theory of law. It further contends that when a case is tried on an incorrect theory of law, an appellate court may not imply fact findings of the trial court to support the judgment. *Wilson v. O'Connor*, 555 S.W.2d 776, 781 (Tex.Civ.App.—Dallas 1977, writ dism'd).

Both parties agreed in the trial court that the County was proceeding on a theory of implied dedication of the road to public use. In addressing the trial court, Las Vegas' attorney stated, "The theory of implied dedication, which is what the County is proceeding under here, ...." The County's attorney, in arguing a point to the court during the trial stated, "It is the same identical theory of implied dedication to the County that we are asserting this claim...." In view of these arguments to the trial court we must reject Las Vegas' contention that the trial court tried the case on an incorrect theory of law. We find that the trial court tried the case on the correct theory of law and merely erred in providing in the judgment that legal title, as well as equitable title, was vested in the County. Therefore, we are at liberty to imply fact findings of the trial court which will sustain the judgment, if the judgment is supported by evidence in the record.

We also reject Las Vegas' contention that Article 6812h enacted by the 68th Legislature, effective August 31, 1981, prohibits an implied dedication to the County in this case. The evidence before the trial court showed in detail that the County had acquired an implied dedication of the road in question prior to the effective date of the statute. Article 6812h contains no provision which would make it retroactive and, without such a provision, the statute can be given only prospective application. Zavala County established an easement resulting from an implied dedication of public use of the road in question prior to the effective date of the statute and the statute does not divest the County of that easement.

It remains for us to determine if there was an implied dedication of the road. The evidence presented at trial shows that Zavala County proved that the road in question was a public road; that is, that there was an implied dedication of the road to public use. The essential elements of implied dedication are: (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on these acts and will be served by the dedication; and, (4) there was an offer and acceptance of the dedication. *O'Connor v. Gragg*, 324 S.W.2d 294 (Tex.Civ.App.—Eastland 1959) *reformed* 161 Tex. 273, 339 S.W.2d 878 (1960).

The parties called a total of 12 witnesses, two of whom were called by Las Vegas and ten of whom were called by the County. Each witness testified that the road in question had been used by the public generally for at least 15 years prior to 1979, and that the County maintained the road for that period of time. One witness testified that he had used the road continuously since 1911. Another witness testified that he had used the road since the early 1930's. Each witness testified that, in addition to his personal use, the public generally had

used the road. Further, to each witness' knowledge, no one had ever asked permission, or been denied permission, of the adjoining landowners to use the road. The uncontroverted evidence is that for over 30 years there has been continuous use of the road by the public generally. It was used as a mail route as well as a school bus route, and the County maintained the road by using County employees and equipment.

■ Additionally, the road was known as Ritchie Road because the surrounding land was owned by the Ritchie family from 1939 until 1979, when it was sold to Las Vegas. Edward Wilson Ritchie, Jr., one of the owners who sold to Las Vegas, testified that the road was open and used by the general public during the 30 years that he worked the land. He further testified that the road was maintained by the County during those 30 years. On cross examination by Las Vegas' attorney, Mr. Ritchie testified, "I didn't know we did not have title to it." He further testified that he did not consider the road itself to be public property. Considered in the context of the hearing, it is apparent that Mr. Ritchie was testifying that he considered the road to be a public road, but that the family claimed title to the remainder. We find this is consistent with an acknowledgement that there was an implied dedication of an easement for public road purposes.

In light of the above, we hold that there was no error in finding an equitable easement to the road in Zavala County. We further hold that the trial court and the court of appeals erred in finding legal title to the road in Zavala County.

Therefore, we reverse the judgment of the court of appeals and remand the cause to the trial court with instructions to reform its judgment to reflect an implied dedication of the road for public use and an equitable easement to the road vesting in Zavala County. We further instruct the trial court to describe by metes and bounds the easement held by the County.