NO. 07-02-0112-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY10, 2003



______________________________




JOHN J. HINDERA, APPELLANT



V.



NELSON DOMETRIUS, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-507,408; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON APPELLANT'S MOTION TO REINSTATE APPEAL


AND APPELLEE'S OPPOSITION AND MOTION TO DISMISS APPEAL



 Subsequent to the filing of his notice of appeal, on May 15, 2002, this Court abated
this appeal pursuant to appellant's notice of bankruptcy. See Tex. R. App. 8.2. Pending
before this Court is appellant's motion to reinstate the appeal by which he asserts the stay
has been lifted. The motion is supported by a copy of an order issued by the United States
Bankruptcy Court, Western District of Texas, dated July 26, 2002, granting appellant a
discharge in bankruptcy; however, the order does not provide that the stay was lifted. 
Instead, the order expressly provides that the bankruptcy proceeding was not dismissed. 

 In response to appellant's motion to reinstate, appellee has filed his opposition and
motion to dismiss. Rule 8.3(a) of the Texas Rules of Appellate Procedure provides that an
appellate court may reinstate an appeal if permitted by federal law or the bankruptcy court. 
It further provides that if the stay has been lifted or terminated, a certified copy of the order
must be attached to the motion. Appellant's motion and supporting documentation are
insufficient to support reinstatement of the appeal at this time. Thus, without passing on
the merits of either parties' motions, we direct appellant to file a supplemental motion
supported by legal authorities and a certified copy of the bankruptcy court's order lifting
the stay on or before Monday, August 4, 2003. Appellee's response to the supplemental
motion, if any, shall be filed on or before Monday, August 18, 2003. 

 It is so ordered.

 Per Curiam




 



EM>

 In his first and fourth issues, Huseman complains about the denial of his request to
personally attend or otherwise participate in the trial. He believed that this violated his
constitutional rights. We overrule the issue. 

 We initially address the allegation about being denied opportunity to participate at
trial by means other than personal appearance. According to the record before us,
Huseman merely sought opportunity to personally attend the hearing. He did not request
the chance to participate through alternate means, such as affidavit, deposition, telephone
or the like. Again, he simply wanted to attend in person. Having failed to request the
chance to participate through alternate means, he cannot now complain on appeal about
being denied such relief. Commerical Credit Equipment Corp. v. West, 677 S.W.2d 669,
673 (Tex. App.--Amarillo 1984, writ ref'd. n.r.e.) This is especially so given that the trial
court's order did not foreclose pursuit of those substitute measures. 

 As to the trial court's denial of the bench warrant, we review that decision under the
standard of abused discretion. Armstrong v. Randle, 881 S.W.2d 53, 56-57 (Tex.
App.--Texarkana 1994, writ denied); see In re Z.L.T., 124 S.W.3d 163, 165-66 (Tex. 2003)
(applying the standard of abused discretion). Thus, we must determine whether the
decision comported with controlling guidelines and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106
S.Ct. 2279, 90 L.Ed.2d 721 (1986). One such principle holds that while a prisoner cannot
be denied access to the courts simply because he is an inmate, an inmate has no absolute
right to appear in person at every proceeding. In re Z.L.T., 124 S.W.3d at 165. Rather, he
has the burden to establish his right to that relief; that is, he must present the trial court with
"factual information" illustrating why his presence is necessary and warranted. Id. at 166. 
And, the factual information should address such indicia as 1) the cost and inconvenience
of transportation, 2) the security risk involved, 3) whether the prisoner's claims are
substantial, 4) whether the matter can be delayed until his release, 5) whether the inmate
will offer admissible, non-cumulative testimony that cannot be effectively presented by
some other manner such as telephone, deposition or the like, 6) whether his presence is
important to judge his credibility and demeanor, 7) whether the trial is to a jury or the court,
and 8) the probability of his ultimate success on the merits. Id. at 165-66. The trial court
has no independent duty to sua sponte search for information touching upon those
subjects; again, the inmate has the obligation to provide it with the requisite data. Id. 

 In the case before us, we note that Huseman said nothing of the Z.L.T. factors in his
"Second Motion for Bench Warrant," that is, the one upon which the trial court acted. Nor
were they mentioned in the request for a bench warrant preceding that denied by the trial
court. 

 And, while he alluded to them in a request that he tendered to the Hale County
district court before the cause was transferred to Randall County, we do not find the
allusion enough to evince an abuse of discretion on the part of the court, assuming of
course, that the Randall County district court was made aware of the filing. (1) This is so
because his argument consisted of little more than unsworn commentary and conclusions. 
For instance, while he mentioned that he would "call witnesses and offer admissable [sic]
testimony," he failed to describe what that testimony would be, why it was probative, and
why it could not be provided through alternate means. Furthermore, when speaking about
the probability of his ultimate success, he said nothing more than 1) "[r]espondent's
accusations and allegations are so unfounded and Huseman has requested such basic
access to his children that Huseman fully believes he will succed [sic] . . .," 2) his ex-wife
previously succeeded in having the conservatorship modified because of "an ex parte
hearing held without Huseman's knowledge," and 3) his attorney did not appear on
Huseman's behalf. (2) The actual merits of his claim go unaddressed. Nor did he provide the
trial court with factual information touching upon his term of imprisonment and whether the
proceeding could have been reasonably delayed until his release; instead he simply says
that "any postponement . . . would serve no purpose other than to drive a wedge between
Huseman and his children." (3) These and the other unsupported conclusions mentioned in
the request filed with the Hale County district court did not satisfy his duty to provide
"factual information" to the Randall County district court. Consequently, we hold that the
trial court did not abuse its discretion in denying Huseman's second motion for a bench
warrant.

 Issues Two and Three - Post Trial Motions

 In his second and third issues, Huseman complained of the trial court's failure to rule
on his post trial motions. We overrule them as well.

 After issuance of the court's order, Huseman filed a motion for rehearing, motion for
clarifying order, and a request for findings of fact and conclusions of law. Because the trial
court did not act upon them, Huseman asserts that it erred, and he was harmed. Yet, the
motions for rehearing and to clarify were nothing more than an attempt to obtain a new trial
and seek a modification of the judgment, respectively. As such, they were overruled by
operation of law within 75 days after the judgment was signed. See Tex. R. Civ. P. 329b(c)
(stating that a motion for new trial or to correct or modify a judgment are overruled by
operation of law if not determined by written order within 75 days after the judgment was
signed). In short, the trial court was not obligated to formally act upon them. 

 As for the request for findings of fact and conclusions of law, the record does not
show that Huseman ever filed a notice of past due findings of fact and conclusions of law.
Same was required to perfect his complaint about their absence. Las Vegas Pecan &
Cattle Co., Inc. v. Zavala County 682 S.W.2d 254, 255-56 (Tex. 1984); In re Guthrie, 45
S.W.3d 719, 722 (Tex. App.--Dallas 2001, pet. denied); Curtis v. Commission for Lawyer
Discipline, 20 S.W.3d 227, 232 (Tex. App.Houston [14th Dist.] 2000, no pet.). 
Consequently, he waived this aspect of his issue. Id.

 Having overruled each issue, we affirm the "order in suit to modify parent-child
relationship and order on petition in intervention for conservatorship."


 Brian Quinn

 Justice 
1. Huseman did not refer to the request for a bench warrant filed with the Hale County court or
otherwise incorporate it by reference in any of the requests filed with the Randall County court.
2. We note that the trial court did grant Huseman the right to obtain "information concerning the health,
education, and welfare of the children . . . ." 
3. We find this comment of interest given that Huseman's status as an inmate in prison effectively
denied him physical access to his children.