NO. 07-03-0007-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 7, 2004

_____

In re: Z.H. and M.H., Minors
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 51,363-A; HONORABLE JOHN T. FORBIS, JUDGE
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Timothy Huseman (Huseman) appeals *pro se* from an order in a suit to modify the parent-child relationship and on a petition in intervention for conservatorship. Four issues are asserted. Two deal with the trial court's purported failure to act upon various post-trial motions. The remainder concern the trial court's denial of his request for a bench warrant entitling him to personally appear at trial. Huseman was imprisoned at the time. We affirm the order of the trial court.

***Background***

The 64th District Court of Hale County entered an order dated March 10, 1998, in which it modified the parent-child relationship between Huseman and his two children, Z.H. and M.H. Through it, he was removed as joint managing conservator, designated

possessory conservator, and his ex-wife, Rudina Faye Huseman (Rudina), designated sole managing conservator. So too was he ordered not to have possession of or access to the children at any time.

On January 25, 2002, Huseman, who was representing himself, filed a motion to modify in which he requested limited access to his children through the mail and access to information regarding their health, welfare, and education. Rudina (now Rudina Paetzold) filed an answer and also a motion to transfer the matter to Randall County; the proceeding was pending at the time in Hale County. The trial court granted the motion to transfer on April 26, 2002. Thereafter, Rudina's new husband, Kennith Paetzold (Kennith), intervened seeking to be appointed a joint managing conservator.

Trial on the motion to modify was convened on December 3, 2002. Several days before then, however, Huseman had filed his "Second Motion for Bench Warrant" requesting that he be allowed to attend the proceeding. The trial court denied the request on November 27, 2003, and the hearing proceeded without him.

### Issue One - Attendance at Hearing

In his first and fourth issues, Huseman complains about the denial of his request to personally attend or otherwise participate in the trial. He believed that this violated his constitutional rights. We overrule the issue.

We initially address the allegation about being denied opportunity to participate at trial by means other than personal appearance. According to the record before us, Huseman merely sought opportunity to personally attend the hearing. He did not request the chance to participate through alternate means, such as affidavit, deposition, telephone or the like. Again, he simply wanted to attend in person. Having failed to request the

2

chance to participate through alternate means, he cannot now complain on appeal about being denied such relief. *Commerical Credit Equipment Corp. v. West,* 677 S.W.2d 669, 673 (Tex. App.—Amarillo 1984, writ ref'd. n.r.e.) This is especially so given that the trial court's order did not foreclose pursuit of those substitute measures.

As to the trial court's denial of the bench warrant, we review that decision under the standard of abused discretion. *Armstrong v. Randle*, 881 S.W.2d 53, 56-57 (Tex. App.—Texarkana 1994, writ denied); *see In re Z.L.T.,* 124 S.W.3d 163, 165-66 (Tex. 2003) (applying the standard of abused discretion). Thus, we must determine whether the decision comported with controlling guidelines and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). One such principle holds that while a prisoner cannot be denied access to the courts simply because he is an inmate, an inmate has no absolute right to appear in person at every proceeding. *In re Z.L.T.,* 124 S.W.3d at 165. Rather, he has the burden to establish his right to that relief; that is, he must present the trial court with "factual information" illustrating why his presence is necessary and warranted. *Id.* at 166. And, the factual information should address such indicia as 1) the cost and inconvenience of transportation, 2) the security risk involved, 3) whether the prisoner's claims are substantial, 4) whether the matter can be delayed until his release, 5) whether the inmate will offer admissible, non-cumulative testimony that cannot be effectively presented by some other manner such as telephone, deposition or the like, 6) whether his presence is important to judge his credibility and demeanor, 7) whether the trial is to a jury or the court, and 8) the probability of his ultimate success on the merits. *Id.* at 165-66. The trial court

3

has no independent duty to *sua sponte* search for information touching upon those subjects; again, the inmate has the obligation to provide it with the requisite data. *Id.*

In the case before us, we note that Huseman said nothing of the *Z.L.T.* factors in his "Second Motion for Bench Warrant," that is, the one upon which the trial court acted. Nor were they mentioned in the request for a bench warrant preceding that denied by the trial court.

And, while he alluded to them in a request that he tendered to the Hale County district court before the cause was transferred to Randall County, we do not find the allusion enough to evince an abuse of discretion on the part of the court, assuming of course, that the Randall County district court was made aware of the filing.[1] This is so because his argument consisted of little more than unsworn commentary and conclusions. For instance, while he mentioned that he would "call witnesses and offer admissable [sic] testimony," he failed to describe what that testimony would be, why it was probative, and why it could not be provided through alternate means. Furthermore, when speaking about the probability of his ultimate success, he said nothing more than 1) "[r]espondent's accusations and allegations are so unfounded and Huseman has requested such basic access to his children that Huseman fully believes he will succed [sic] . . .," 2) his ex-wife previously succeeded in having the conservatorship modified because of "an ex parte hearing held without Huseman's knowledge," and 3) his attorney did not appear on Huseman's behalf.[2] The actual merits of his claim go unaddressed. Nor did he provide the

---

[1]Huseman did not refer to the request for a bench warrant filed with the Hale County court or otherwise incorporate it by reference in any of the requests filed with the Randall County court.

[2]We note that the trial court did grant Huseman the right to obtain "information concerning the health, education, and welfare of the children . . . ."

4

trial court with factual information touching upon his term of imprisonment and whether the proceeding could have been reasonably delayed until his release; instead he simply says that "any postponement . . . would serve no purpose other than to drive a wedge between Huseman and his children."[3] These and the other unsupported conclusions mentioned in the request filed with the Hale County district court did not satisfy his duty to provide "factual information" to the Randall County district court. Consequently, we hold that the trial court did not abuse its discretion in denying Huseman's second motion for a bench warrant.

### *Issues Two and Three - Post Trial Motions*

In his second and third issues, Huseman complained of the trial court's failure to rule on his post trial motions. We overrule them as well.

After issuance of the court's order, Huseman filed a motion for rehearing, motion for clarifying order, and a request for findings of fact and conclusions of law. Because the trial court did not act upon them, Huseman asserts that it erred, and he was harmed. Yet, the motions for rehearing and to clarify were nothing more than an attempt to obtain a new trial and seek a modification of the judgment, respectively. As such, they were overruled by operation of law within 75 days after the judgment was signed. *See* TEX. R. CIV. P. 329b(c) (stating that a motion for new trial or to correct or modify a judgment are overruled by operation of law if not determined by written order within 75 days after the judgment was signed). In short, the trial court was not obligated to formally act upon them.

---

[3]We find this comment of interest given that Huseman's status as an inmate in prison effectively denied him physical access to his children.

5

As for the request for findings of fact and conclusions of law, the record does not show that Huseman ever filed a notice of past due findings of fact and conclusions of law. Same was required to perfect his complaint about their absence. *Las Vegas Pecan & Cattle Co., Inc. v. Zavala County* 682 S.W.2d 254, 255-56 (Tex. 1984); *In re Guthrie,* 45 S.W.3d 719, 722 (Tex. App.—Dallas 2001, pet. denied); *Curtis v. Commission for Lawyer Discipline,* 20 S.W.3d 227, 232 (Tex. App.Houston [14th Dist.] 2000, no pet.). Consequently, he waived this aspect of his issue. *Id.*

Having overruled each issue, we affirm the "order in suit to modify parent-child relationship and order on petition in intervention for conservatorship."

Brian Quinn
Justice