

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00446-CV

**ARROWHEAD RESORT, LLC,**

**Appellant**

 **v.**

**HILL COUNTY, TEXAS,**

**Appellee**

**From the 66th District Court
Hill County, Texas
Trial Court No. 47948**

## MEMORANDUM  OPINION

Arrowhead Resort, LLC, filed suit against Hill County over the title to a road asserting trespass to try title and in the alternative, seeking a declaratory judgment. Hill County filed a motion for summary judgment, and the trial court granted the motion.  We affirm.

### Background Facts

The road that is subject to the dispute is located on land that was owned by Frances Boliver in the Woodland Hills Addition.  In 1985, residents of the Woodland

Hills Addition filed suit against Boliver because Boliver blocked the road from public access. The residents alleged in their petition that the road provides residents of the Woodland Hills Addition access to Lake Whitney and that the road was dedicated to public use and has been used by the residents as a public road for nearly thirty years. Hill County intervened in the suit.

The parties settled the dispute with an agreed judgment. Boliver conveyed the property containing the road to Hill County for so long as the land is used as a county road. Hill County accepted the land and agreed to execute a quit claim deed to Boliver or his heirs in the event the road ceased to be used as a county road. Boliver sold the land to PKBJ, Inc. in 1992, and Arrowhead purchased the property from PKBJ in 1998. The property containing the road was specifically excepted in the conveyance of the property to Arrowhead.

## Summary Judgment

In the sole issue on appeal, Arrowhead argues that the trial court erred in granting the motion for summary judgment because there is a fact issue on each ground asserted by Hill County. Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). If the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment

motion is meritorious. *FM Properties Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

If the defendant files a traditional summary-judgment motion, then the defendant as movant must negate at least one of the elements of the plaintiff's cause of action, or alternatively, the defendant must conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Johnson v. Baylor University*, 188 S.W.3d 296, 300 (Tex.App.-Waco 2006, pet. denied). The nonmovant need not respond to the motion for summary judgment unless the defendant meets its burden of proof. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *Johnson*, 188 S.W.3d at 300. But if the movant meets its burden of proof, the nonmovant must present summary judgment evidence to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Johnson*, 188 S.W.3d at 300.

In reviewing a traditional summary judgment, we determine whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *See Goodyear Tire*, 236 S.W.3d at 756 (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam).

A trespass to try title action is a procedure by which competing claims to title or the right to possession of real property may be adjudicated. *Rogers v. Ricane Enterprises., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). To recover, a claimant must establish a prima facie right of title by proving one of the following: (1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by limitations; or (4) prior possession, which has not been abandoned. *Id*.

Arrowhead argues that Chapter 281 of the Transportation Code is applicable and precludes the trial court from granting summary judgment in favor of Hill County. Chapter 281 of the Transportation Code, initially enacted in 1981 and codified in the Transportation Code in 1995, provides that a county with a population of 50,000 or less may acquire a public interest in a private road only by purchase, condemnation, dedication, or a court's final judgment of adverse possession. TEX. TRANSP. CODE ANN. §§ 281.001, 281.002 (West 2013). The statute is not retroactive. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256 (Tex.1984).

The summary judgment evidence shows that the road was used as a public road since the 1950's; and, therefore, Section 281.002 is not applicable because it applies to the acquisition of a private road. After a dispute in 1985, the property containing the road was conveyed to Hill County; however, the summary judgment evidence shows that the road was a public road at that time. Because the road was a public road prior to 1981, the transaction that conveyed the property containing the public road was not subject to the requirements of Section 281.002.

Arrowhead contends that Hill County did not continue to use the road as a public road after 1987.  The deed granted the property to Hill County for so long as the land is used as a county road.  Arrowhead argues that Section 258.006 is controlling.  Section 258.006 provides:

> (a) A private right, title, or interest, other than a mineral interest, held by a person in land underlying a road in which the county has successfully asserted the existence of a public interest under this chapter is exempt from ad valorem taxation by any taxing authority.

TEX. TRANSP. CODE ANN. § 258.006 (a) (West 2013).

Hill County owns the land beneath the road, not Arrowhead.  Therefore Section 258.006 is not applicable.

Hill County presented summary judgment evidence negating Arrowhead's cause of action for trespass to try title.  Arrowhead has not shown an abandonment of the road as provided by Sections 251.057 or 251.058 of the Transportation Code.  Arrowhead has not shown a prima facie right of title.  The road was used as a public road since the 1950's and Hill County acquired title to the land containing the road.  When Arrowhead purchased the property around the road, the land containing the road was specifically excepted from the conveyance of the property to Arrowhead.  The trial court did not err in granting the motion for summary judgment.

Arrowhead also argues that the trial court erred in awarding attorney's fees to Hill County.  In its petition, Arrowhead sought judgment for title to and possession of the real property that is the subject matter of the suit.  Arrowhead alleged alternative causes of action for declaratory judgment and contesting the actions of Hill County.

Under the Declaratory Judgment Act, a "court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).

The decision to grant or to deny attorneys' fees in a declaratory judgment action under § 37.009 is a matter that is within the discretion of the trial court. An award of attorneys' fees will not be reversed on appeal absent a clear showing that the trial court abused that discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). In order to prevail on its motion for summary judgment, Hill County was required to defeat both the trespass to try title claim and the claim for declaratory relief. Arrowhead raised issues other than those necessary for a trespass to try title action, and Hill County was required to address those issues to obtain summary judgment. Because Hill County prevailed on the declaratory judgment claim, the trial court did not abuse its discretion in awarding Hill County attorney fees. We overrule Arrowhead's issue on appeal.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with note)*
Affirmed
Opinion delivered and filed February 6, 2014
[CV06]

*(Chief Justice Gray concurs in the judgment.  A separate opinion will not follow.  He does, however, provide the following note.  I do not believe any discussion of events prior to the settlement of the earlier suit is relevant to the disposition of this proceeding.  The parties to this litigation have a common source of title from the parties to that settlement.  Further, it is unclear, but irrelevant to my analysis, whether the road was specifically excepted from the grant or the warranty by the reservations – and – exceptions – from – conveyance – and – warranty.  While there may remain a number of unresolved issues between these parties or others whose rights were preserved in the earlier settlement, these unresolved issues have not been presented in this appeal and do not impact the propriety of the trial court's judgment.  With these comments I respectfully concur in the judgment to the extent it affirms the trial court's judgment.)