# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00801-CV

**Thomas Ray Pilgrim, Appellant**

**v.**

**Texas Civil Commitment Office, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-17-000838, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Thomas Ray Pilgrim appeals the trial court's grant of the Texas Civil Commitment Office's (TCCO) plea to the jurisdiction seeking to dismiss Pilgrim's Petition for Less Restrictive Housing and Supervision that he filed seeking to modify the terms of an order of civil commitment of the 435th District Court of Montgomery County after the court adjudicated him a sexually violent predator (SVP). *See* Tex. Health & Safety Code §§ 841.081(a) ("If at a trial conducted under Subchapter D the judge or jury determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision to be coordinated by the office."), .0834(b) (allowing committed person to file petition for less restrictive housing and supervision). We will affirm the trial court's grant of TCCO's plea to the jurisdiction.

**BACKGROUND**

In 1999, the Legislature established a civil-commitment procedure providing long-term supervision and treatment for SVPs with behavioral abnormalities that are not amenable to traditional mental-health treatment and that increase their likelihood of recidivism. *Stevenson v. State*, 499 S.W.3d 842, 844 (Tex. Crim. App. 2016). The SVP statute in chapter 841 of the Health and Safety Code governs all aspects of the civil-commitment process, including: initial assessment, trial, and commitment; modifications to the person's housing or supervision during commitment; biennial review of the person's commitment; and petitions by the person for release from commitment. *See* Tex. Health & Safety Code §§ 841.001–.153. The SVP statute specifically allows a person to file a petition to transfer to less restrictive housing and supervision. *Id.* § 841.0834(b).

In 2014 Pilgrim was adjudicated a SVP and was civilly committed in an order signed by the 435th District Court of Montgomery County.[1] *See id.* § 841.081(a). In February 2017 he filed an "Original Unauthorized Petition for Release and in the Alternative Petition for Less Restrictive Housing and Supervision" in Travis County District Court.[2] *See id.* § 841.0834(b). In this pleading, Pilgrim alleged that he "no longer has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence" and that it is in his "best interest to live in less restrictive housing

---

[1] At the time Pilgrim's civil commitment order was rendered, the SVP statute provided that all civil-commitment proceedings were to be initiated in Montgomery County. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146 (amended 2015) (current version at Tex. Health & Safety Code § 841.041(a)).

His order of civil commitment was affirmed on appeal. *See In re Commitment of Pilgrim*, No. 09-14-00528-CV, 2015 WL 3897877 (Tex. App.—Beaumont June 25, 2015, no pet.) (mem. op.).

[2] Pilgrim later nonsuited his Unauthorized Petition for Release; thus, only his Petition for Less Restrictive Housing and Supervision remained before the trial court and is before us on appeal.

with less supervision." *Id.* ("Without the office's approval, a committed person may file a petition with the court for transfer to less restrictive housing and supervision. The court shall grant the transfer if the court determines that the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community.").

After answering and unsuccessfully attempting to transfer venue, the TCCO filed a plea to the jurisdiction requesting the trial court to dismiss Pilgrim's petition for lack of subject-matter jurisdiction, asserting that the "committing court"—the 435th District Court of Montgomery County—retains exclusive jurisdiction over this cause. *See id.* § 841.082(e) ("The requirements imposed under Subsection (a) [pertaining to residence and supervision] may be modified by the committing court at any time after notice to each affected party to the proceedings and a hearing.").[3] The trial court granted the TCCO's plea, and Pilgrim appeals.

**STANDARD OF REVIEW**

Because subject-matter jurisdiction is a question of law, we review de novo a trial court's ruling on a plea to the jurisdiction. *Houston Belt & Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016). In assessing a plea to the jurisdiction, we begin by considering the plaintiff's live pleadings and determine whether the facts alleged affirmatively demonstrate that jurisdiction exists. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). We may also consider evidence

---

[3] The relevant SVP statute in effect at the time Pilgrim filed his petition did not specify that the commitment requirements "may be modified *by the committing court*" but, rather, specified merely that the requirements "may be modified at any time . . . ." *See* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 24, 2003 Tex. Gen. Laws 1505, 1517 (codified at Tex. Health & Safety Code § 841.082(e)). Legislative amendments that became effective September 1, 2017—after Pilgrim filed his petition—added the modifying phrase "by the committing court." *See* Act of May 4, 2017, 85th Leg., R.S., ch. 34, § 16, 2017 Tex. Gen. Laws 72, 78.

submitted to negate the existence of jurisdiction, but we need not do so here because the underlying jurisdictional facts are not disputed. *See id.* We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Id.* A plea to the jurisdiction must be granted if the defendant affirmatively negates the existence of the court's jurisdiction. *Id.*

## DISCUSSION

In several related issues, Pilgrim contends that the trial court erred in dismissing his petition because the Travis County District Court had subject-matter jurisdiction over his petition under the Texas Constitution's general grant to district courts of "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies" for which other law has not conferred exclusive, appellate, or original jurisdiction on "some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. His central argument posits that, while the 2017 amendments to the SVP statute clarified, prospectively, that nearly all manner of "post-commitment events"—including petitions such as his—must be filed in the "committing court," the *pre*-2017 SVP statute that applies to him is ambiguous, at best, regarding in which court such "events" must be filed and, thus, the default constitutional provision governs, granting *any* district court subject-matter jurisdiction. Essentially, he argues that his petition for less restrictive housing and supervision constitutes a "new lawsuit" that can be filed in any district, subject to venue requirements.

He further argues that the Legislature's significant amendments to the SVP statute in 2015—which he contends were an attempt to "divest the Montgomery County district courts of jurisdiction over civil commitment cases" due to alleged judicial misconduct and dysfunction in Montgomery County's 435th District Court—must be read to have divested the 435th District Court

4

of jurisdiction over petitions such as his, to the extent that exclusive and original jurisdiction was vested in that court in the first place, even though the 2015 amendments did not amend the text in subchapter E of the SVP statute concerning modification of a person's civil-commitment requirements. While Pilgrim makes several arguments for why his interpretation of the SVP statute effective at the time he filed his petition is the correct one, the interpretation of the relevant statute is a question of law that this Court has already recently determined in a case with similar facts, which is dispositive of Pilgrim's jurisdictional issues here. *See Texas Civil Commitment Office v. Hartshorn*, No. 03-17-00181-CV, 2018 WL 2074576, ___ S.W.3d ___ (Tex. App.—Austin May 4, 2018, no pet.).

In *Hartshorn*, we held that by filing a petition for less restrictive housing and supervision, Hartshorn—a SVP who was civilly committed under the same version of the SVP statute as Pilgrim—was thereby seeking "modification of his civil-commitment requirements, and such modifications are a matter for the committing court under subchapter E." *Id.* at *8. We further explained that both section 841.082(e) of the SVP statute—concerning modification of a person's civil-commitment requirements—and section 841.0834(b)—concerning petitions for less restrictive housing and supervision—are located in subchapter E of the SVP statute. *Id.* We relied on the context of subchapter E in effect at the time Hartshorn filed his petition (which is the same version of the statute in effect when Pilgrim filed his petition) to conclude that, although section 841.0834(b) itself does not identify "the court" for filing a subchapter E petition seeking less restrictive housing and supervision by a person who was civilly committed before the 2015 amendments, references to "the court" and "the judge" in preceding sections of subchapter E "are to the court and judge that initially committed the person, imposed requirements on him, and retains jurisdiction of civil

5

commitment proceedings under subchapters F and G." *Id.* at *7. Thus, we held that Hartshorn's "petition for transfer to less restrictive housing and supervision under subsection 841.0834(b) should have been filed in the Montgomery County court that civilly committed him as a sexually violent predator in 2010." *Id.* at *8.

In light of this precedent, we need not directly and in detail address each of Pilgrim's jurisdictional issues on appeal because we are bound by *Hartshorn*'s holding that a section 841.0834(b) petition filed by a person who has been civilly committed must be filed in the court that committed the person. *See id.* Accordingly, we overrule Pilgrim's first six issues.

In addition to his issues concerning subject-matter jurisdiction, Pilgrim also complains about the trial court's failure to issue findings of fact and conclusions of law. However, he has waived this complaint because there is nothing in the record indicating that he filed a timely "Notice of Past Due Findings of Fact and Conclusions of Law." *Las Vegas Pecan & Cattle Co. v. Zavala Cty.*, 682 S.W.2d 254, 255–56 (Tex. 1984); *Allibone v. Freshour*, No. 03-17-00357-CV, 2017 WL 5663607, at *3 (Tex. App.—Austin Nov. 21, 2017, pet. filed) (mem. op.); *see* Tex. R. Civ. P. 297 (if court fails to timely file findings of fact and conclusions of law pursuant to party's request, party must file past-due notice within 30 days of original request).

Accordingly, we overrule all of Pilgrim's issues and hold that the trial court properly granted TCCO's plea to the jurisdiction because the trial court did not have subject-matter jurisdiction over Pilgrim's petition.

**CONCLUSION**

We affirm the trial court's order granting TCCO's plea to the jurisdiction and dismissing Pilgrim's petition.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 15, 2018